## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| J.B. INTERNATIONAL, LLC § <br> d/b/a J. BIRNBACH § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> WILLIAM NOBLE RARE JEWELS, L.P. § <br> and WILLIAM NOBLE, § <br> § <br> *Defendants*. § | Civil Action No. 3:22-cv-01422 |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.B. International, LLC d/b/a J. Birnbach, by and through its undersigned counsel, for its Second Amended Complaint against William Noble Rare Jewels, L.P. and William Noble (collectively, "Defendants") states as follows:

### GENERAL ALLEGATIONS

1.  J.B. International, LLC ("J.B. International") is a New York limited liability company with its principal place of business located at 22 W. 48th Street, 14th Floor, New York, New York 10036 that does business as J. Birnbach. J.B. International specializes in diamond cutting and also makes and sells one-of-a-kind handmade platinum, white, and yellow gold jewelry.

2.  Jonathan Birnbach is the sole member of J.B. International and he is domiciled in the State of New York.

3.  William Noble Rare Jewels, L.P. ("WNRJ") is a Texas limited partnership with its principal place of business located at 8411 Preston Rd., Ste. 65, Dallas, Texas 75225. Its registered

address is 100 Highland Park Village, Ste. 370, Dallas, Texas 75205.  The general partner of WNRJ is William Noble, L.P. and WNRJ has an apparent limited partner of William Noble Jr.[1]

4. William Noble, L.P.'s general partner is William Noble Genpar, LLC, a Texas limited liability company with its principal place of business at 25 Highland Park Village, Suite 100, Dallas, Texas 75205 and a sole member of Defendant William Noble, Jr.[2] William Noble, L.P.'s limited partner appears to be Defendant William Noble, Jr., who holds himself out as the "Managing Partner" in filings with the Texas Secretary of State.[3]

1. William Noble ("Noble") is an individual that does business in the District according to filings with the Texas Secretary of State and, further, is domiciled in the State of Texas.[4]  Further, based upon information available, Defendant William Noble Jr. owns a home in Fredericksburg, Texas according to publicly available appraisal district data and holds a driver's license (TXDL XXXXXXX704) stating an address of 1440 N. US Highway 87, Fredericksburg, TX 78624-3044.[5]

5. This Court has personal jurisdiction over WNRJ because its principal place of business is located in Dallas, Texas.

---

[1] **Exhibit 6**, the Declaration of Brandon J. Gibbons, attached hereto and incorporated by reference herein. **Exhibit 7**, a true and correct copy of the William Noble Rare Jewels, LP Articles of Conversion obtained from the Texas Secretary of State's Office. **Exhibit 8**, a true and correct copy of the 2018 Report showing William Noble Jr. as the "Partner" of William Noble Rare Jewels, LP.
[2] **Exhibit 9**, a true and correct copy of the William Noble, LP Certificate of Conversion demonstrating a general partner of William Noble Genpar, LLC. **Exhibit 10**, a true and correct copy of the Texas Secretary of State's Management Screen for William Noble, LP demonstrating a general partner of William Noble Genpar, LLC. **Exhibit 11**, a true and correct copy of the William Noble Genpar, LLC Certificate of Formation showing William Noble Jr. as the sole member. Plaintiff requests the Court take judicial notice of these publicly filed records.
[3] **Exhibit 12**, a true and correct copy of William Noble, LP's Public Information Report for 2019 showing William Noble, Jr. as "Managing Partner." Plaintiff requests the Court take judicial notice of this public available record.
[4] **Ex. 12**.
[5] **Exhibit 13**, a true and correct copy of the Gillespie County Appraisal District's website showing William Noble Jr. as the owner of a home in Gillespie County, Texas. Plaintiff requests the Court take judicial notice of these publicly available records.

6. This Court has personal jurisdiction over Noble because he is domiciled in this state and does business within the District.

7. This Court has subject matter jurisdiction over this action because the amount at issue exceeds $75,000 and there is complete diversity of citizenship because Plaintiff and Defendants are citizens of different states. Specifically, the sole member of J.B. International, Jonathan Birnbach, is domiciled in and a citizen of the State of New York. Further, Defendant WNRJ is a Texas limited liability company with a limited partner who is a citizen of Texas and a general partner that is another Texas limited partnership, William Noble, LP. William Noble, LP has a limited partner who is a citizen of Texas and a general partner that is a sole member limited liability company from Texas, William Noble Genpar, LLC. William Noble Genpar, LLC's sole member is Defendant William Noble Jr., a citizen of Texas.

8. This Court is the proper venue for this action because one or more of the Defendants are domiciled in this district and all or a substantial part of the acts or evens forming the basis of this matter occurred within the District.

## FACTUAL ALLEGATIONS

9. For many years J.B. International has had had a business relationship with WNRJ and Noble in which J.B. International consigns diamonds and diamond jewelry to WNRJ and Noble.

10. In April of 2019 and June of 2019, J.B. International consigned diamonds and diamond jewelry to Noble and WNRJ. As is common in a consignment, the diamonds and diamond jewelry were provided to Noble and WNRJ to sell and they were required to either return the diamonds and diamond jewelry that was consigned to them under the Memorandums or pay J.B. International the value of diamonds sold after the diamonds were sold. Copies of the

Memorandums reflecting those consignments are attached hereto as **Exhibit 1**. When an item is reported sold then J.B. International issues an invoice for the value of the item,

11. Per the terms of the Memorandums, the diamonds remained the property of J.B. International and were required to be returned on demand and until the diamonds were returned Noble and WNRJ were fully and personally responsible for them and, in the event of damage or loss, Noble and WNRJ would indemnify J.B. International by payment immediately of the stated value reflected on the memorandum which was meant to represent the extent of actual loss.

12. Noble and WNRJ reported some items that were consigned under the April 2019 and June 2019 Memorandums had been sold and Invoices were issued by J.B. International. Some of those invoices have not paid by Noble and WNRJ. A copy of such invoices are attached hereto as **Exhibit 2**.

13. When Noble and WNRJ did not return the diamonds that were consigned under the April 2019 and June 2019 Memorandums and had not paid for items reported sold despite Invoices being issued, in August of 2019, WNRJ and Noble, jointly and severally, entered into a Letter Agreement with J.B. International under which they agreed to pay a total of $959,942.24 in accordance with an installment payment schedule that required payments be made monthly starting in August of 2019. A copy of the Letter Agreement is attached hereto as **Exhibit 3**.

14. Pursuant to the Letter Agreement, failure to make any of the installment payments on the dates and in the amounts provided would constitute a material breach of the Letter Agreement, allowing acceleration of all unpaid installments and seek immediate recovery thereof, including attorney's fees incurred related to the enforcement of the Letter Agreement

15. WNRJ and Noble breached the Agreement starting with the November 15, 2019 installment payment when WNRJ and Noble began making payments in amounts less than required by the Letter Agreement and then subsequently stopped making payments altogether.

16. WNRJ and Noble were notified that they breached the Letter Agreement in March of 2022, but, to date, the breach has still not been cured.

17. On January 3, 2020, after the Letter Agreement was entered into, J.B. International again consigned diamonds and diamond jewlery to WNRJ and Noble pursuant to a Memorandum (the "January Memorandum"). A copy of the January Memorandum is attached as **Exhibit 4**

18. The January Memorandum had the same terms as the previous Memorandums. The diamonds and diamond jewelry remained the property of J.B. International, were required to be returned on demand and until the consigned items were returned Noble and WNRJ were fully and personally responsible for them and, in the event of damage or loss, Noble and WNRJ would indemnify J.B. International by payment immediately of the stated value reflected on the Memorandum which represents the extent of actual loss.

19. The January Memorandum contained the additional term that value of the items reflected in the Memorandum would be "paid immediately if sold."

20. Certain items consigned under the January Memorandum were reported sold and invoices were issued, but the invoices were not paid. Copies of the unpaid invoices are attached as **Exhibit 5**.

21. The other items consigned under the January Memorandum have not been returned despite demand for the items being made and the value of those items have not been paid to J.B. International.

22. To date, $476,783.80 is due and owing on the open April 2019, June 2019 and January 2020 Memorandums, $286,593.85 of which is due and owing under the Letter Agreement.

23. To date, there is a total of $194,057.46 due and owing on the open Invoices, plus interest at a rate of 1% per month from the date each Invoice was due to the present, $191,641.30 of which is due and owing under the Letter Agreement.

## COUNT I
## BREACH OF LETTER AGREEMENT

24. Plaintiff incorporates the allegations in Paragraphs 1 through 23 as through fully set forth herein.

25. The Letter Agreement is a contract between Plaintiff and Defendants.

26. Defendants breached the agreement by failing to make the installment payments set forth therein in the amount and manner required under the Letter Agreement.

27. Defendants have been provided with the opportunity to cure the breach but have failed to do so.

28. As a result of the breach of the Letter Agreement, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court entered a judgment in their favor and against Defendants, jointly and severally, in the amount of $478,324.63, plus interest, costs and attorneys' fees and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

## COUNT II
## BREACH OF JANUARY MEMORANDUM AGREEMENT

29. Plaintiff incorporates the allegations in Paragraphs 1 through 28 as through fully set forth herein.

30. The January Memorandum was a contract between J.B. International and Defendants.

31. Defendants breached the contract by failing to either return the diamonds and diamond jewelry that were on consignment or pay the value of the jewelry that was not sold to J.B. International.

32. As a result of the breach of the January Memorandum, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor and against Defendants, jointly and severally, in the amount of $191,828.50, plus interest, costs and attorneys' fees and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

## COUNT III
## NON-PAYMENT OF INVOICES

33. Plaintiff incorporates the allegations in Paragraphs 1 through 32 as through fully set forth herein.

34. The Invoices are contracts between Plaintiff and Defendants.

35. Defendants breached the contracts by failing to pay Plaintiff within thirty (30) days as reflected in the Invoices.

36. As a result of these breaches, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in their favor and against Defendants, jointly and severally, in the amount of not less than $2,416.16, plus interest, costs and attorneys' fees and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

37. Plaintiff incorporates the allegations in Paragraphs 1 through 36 as though fully set forth herein.

38. The April 2019, June 2019 and January 2020 Memorandums created a consignment relationship, which gave rise to Defendants owing fiduciary duties to Plaintiff

39. Defendants breached their fiduciary duties to Plaintiff when they failed to return the diamonds and diamond jewelry or pay for its value to Plaintiff. Plaintiff does not know the present location of its property that was put in the care of Defendants and Defendants have not accounted for it.

40. As a result of Defendants breaching their fiduciary duties, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in their favor and against Defendants, jointly and severally, for actual damages in the amount of not less than $670,841.26 and exemplary damages in an amount to be determined at trial, plus interest, costs and attorneys' fees and, grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

Dated: September 19, 2022

Respectfully Submitted,

          PADFIELD & STOUT, L.L.P.

          420 Throckmorton Street, Suite 1210
          Fort Worth, Texas 76102
          (817) 338-1616 - Telephone
          (817) 338-1610 - Facsimile

          /s/ Brandon J. Gibbons
          Mark W. Stout
          State Bar I.D. #24008096
          mstout@padfieldstout.com
          Brandon J. Gibbons
          State Bar I.D. #24082516
          bgibbons@padfieldstout.com

          *Local Counsel for Plaintiff*

          KAMINSKI LAW, PLLC

          */s/ Shanna M. Kaminski*
          By: Shanna M. Kaminski
          MI Bar No. P74013
          P.O. Box. 725220
          Berkley, MI 48072
          (248) 462-7111
          skaminski@kaminskilawpllc.com

          *Attorneys for Plaintiff*