IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.B. INTERNATIONAL, LLC d/b/a J. BIRNBACH, § § § Plaintiff, § § v. § § WILLIAM NOBLE RARE JEWELS, L.P., § and WILLIAM NOBLE, § § Defendants. | Civil Action No. 3:22-cv-01422 |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants William Noble Rare Jewels, L.P. ("WNRJ") and William Noble ("Noble") (collectively, the "Defendants") submit the following Original Answer and Affirmative Defenses to Plaintiff J.B. International, LLC d/b/a J. Birnbach's ("Plaintiff") Second Amended Complaint ("SAC").

### A. ORIGINAL ANSWER

### GENERAL ALLEGATIONS

1. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 and therefore denies them.

2. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 2 and therefore denies them.

3. Defendants admit the allegations in the first sentence of Paragraph 3. Defendants admit that Noble is a partner of WNRJ and denies the remaining allegations.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit that Noble is an individual and resident of the State of Texas. Otherwise, Defendants deny the allegations in the paragraph erroneously labeled as "1."

6. Defendants admit the allegations in Paragraph 5.

7. Defendants admit that Noble is domiciled in the State of Texas. Otherwise, Defendants deny the allegations in Paragraph 6.

8. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in the first and second sentences of Paragraph 7 and therefore denies them. Defendants admit WNRJ is a limited partnership and that each partner (whether an individual or entity) is ultimately a citizen of Texas. Defendants deny the remaining allegations.

9. Defendants admit the allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

10. Defendants admit that Plaintiff and Defendant WNRJ have had a business relationship. Defendants deny that Noble has done business with Plaintiff in his individual capacity.

11. Defendants admit that Plaintiff consigned diamonds to WNRJ in April and June of 2019; object that the memorandums comprising Exhibit 1 to Plaintiff's SAC are copies as some appear to have handwritten notes; subject to the foregoing objection, state that the memorandums comprising Exhibit 1 to Plaintiff's SAC speak for themselves; and deny the remaining allegations in Paragraph 10.

12. Subject to their objection in the preceding paragraph, Defendants state that the memorandums comprising Exhibit 1 to Plaintiff's SAC speak for themselves; and deny the remaining allegations in Paragraph 11.

13. Defendants admit that WNRJ reported some items consigned under the April and June 2019 memorandums had been sold; admit that Plaintiff issued corresponding invoices, some of which WNRJ has not paid in full; object that the invoices comprising Exhibit 2 to Plaintiff's SAC are copies as some appear to have handwritten notes; subject to the foregoing objection, admit that the invoices comprising Exhibit 1 to Plaintiff's SAC speak for themselves; and deny the remaining allegations in Paragraph 12.

14. Defendants admit that WNRJ entered into a Letter Agreement with Plaintiff; and deny the remaining allegations in Paragraph 13.

15. Defendants state that the Letter Agreement speaks for itself; and deny the remaining allegations in Paragraph 14.

16. Defendants admit that WNRJ stopped making its payments in full under the Letter Agreement; and deny the remaining allegations in Paragraph 15.

17. Defendants deny the allegations in Paragraph 16.

18. Defendants admit that Plaintiff consigned diamonds and diamond jewelry to WNRJ pursuant to the January Memorandum; and deny the remaining allegations in Paragraph 17.

19. Defendants state that the January Memorandum speaks for itself; and deny the remaining allegations in Paragraph 18.

20. Defendants state that the January Memorandum speaks for itself; and deny the remaining allegations in Paragraph 19.

21. Defendants admit that Plaintiff issued invoices to WNRJ in connection with the January Memorandum; and deny the remaining allegations in Paragraph 20.

22. Defendants deny the allegations in Paragraph 21.

23. Defendants deny the allegations in Paragraph 22.

24. Defendants deny the allegations in Paragraph 23.

## COUNT I – BREACH OF LETTER AGREEMENT

25. Defendants repeat and reallege all responses contained in the foregoing paragraphs of its Answer to the factual allegations in the SAC.

26. Defendants deny the allegations in Paragraph 25.

27. Defendants deny the allegations in Paragraph 26.

28. Defendants deny the allegations in Paragraph 27.

29. Defendants deny the allegations in Paragraph 28 and deny that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraph within Paragraph 28.

## COUNT II – BREACH OF JANUARY MEMORANDUM AGREEMENT

30. Defendants repeat and reallege all responses contained in the foregoing paragraphs of its Answer to the factual allegations in the SAC.

31. Defendants deny the allegations in Paragraph 30.

32. Defendants deny the allegations in Paragraph 31.

33. Defendants deny the allegations in Paragraph 32 and deny that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraph within Paragraph 32.

34. Each and every allegation not heretofore expressly admitted is denied.

## COUNT III – NON-PAYMENT OF INVOICES

35. Defendants repeat and reallege all responses contained in the foregoing paragraphs of its Answer to the factual allegations in the SAC.

36. Defendants deny the allegations in Paragraph 34.

37. Defendants deny the allegations in Paragraph 35.

38. Defendants deny the allegations in Paragraph 36 and deny that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraph within Paragraph 36.

## COUNT IV – BREACH OF FIDUCIARY DUTY

39. Defendants repeat and reallege all responses contained in the foregoing paragraphs of its Answer to the factual allegations in the SAC.

40. Defendants deny the allegations in Paragraph 38.

41. Defendants deny the allegations in Paragraph 39.

42. Defendants deny the allegations in Paragraph 40 and deny that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraph within Paragraph 40.

43. Each and every allegation not heretofore expressly admitted is denied.

## B. AFFIRMATIVE DEFENSES

Plaintiff cannot recover from Defendants because its claims and/or the relief it seeks are barred, in whole or in part, by the following defenses, with Defendants accepting the burden only for those defenses that are recognized as affirmative defenses under the applicable law.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant William Noble asserts the affirmative defense of lack of privity because he is not a party to any contract with Plaintiff.

3. Some or all of the relief that Plaintiff seeks is barred by the doctrine of waiver.

4. Some or all of the relief Plaintiff seeks is barred by the doctrine of estoppel.

5. Defendants assert the affirmative defense of offset/set-off and recoupment.

6. Defendants assert the affirmative defense of ratification.

7. Some or all of the relief sought by Plaintiff is barred due to accord and satisfaction.

8. Some or all of the relief sought by Plaintiff is barred because of Plaintiff's failure to perform all conditions precedent to recovery.

9. Alternatively, Defendants state that the Letter Agreement and/or the January Memorandum are ambiguous.

10. Defendants state that no fiduciary relationship exists and/or existed between the parties.

11. Defendants state that Plaintiff's claim for "non-payment of invoices" fails to state a cognizable claim for relief separate from its Counts I & II.

12. Defendants state that Plaintiff's claim for breach of fiduciary duty is barred, in whole or in part, by the doctrine of the economic loss rule.

13. Defendants specifically reserve the right to assert any other appropriate defenses to Plaintiff's claims as the need for such defenses become known.

## RELIEF REQUESTED

WHEREFORE, Defendants pray: (a) that upon final hearing Plaintiff takes nothing by way of its Second Amended Complaint, (b) dismiss this action with prejudice; and (c) that Defendants be awarded such other relief to which they are justly entitled.

Dated: January 3, 2023

Respectfully Submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By: */s/ Trey Crawford*
**TREY CRAWFORD**
Texas State Bar No. 24059623
tcrawford@cwl.law
Attorney-in-Charge
**CAMERON E. JEAN**
Texas State Bar No. 24097883
cjean@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201

Telephone: (214) 817-4500
Facsimile: (214) 602-6551

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 3, 2023, a true and correct copy of the above and foregoing document was served on all parties of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Trey Crawford*
Trey Crawford