UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.B. INTERNATIONAL, LLC § <br> d/b/a J. BIRNBACH § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM NOBLE RARE JEWELS, L.P. § <br> and WILLIAM NOBLE, § <br> § <br> Defendants. § | Civil Action No. 3:22-cv-01422 |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.B. International, LLC d/b/a J. Birnbach ("J.B. International"), by and through its undersigned counsel, for its Brief in Support of Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 states as follows:

**Introduction**

The claims in this case arise out of a consignment of diamonds and diamond jewelry by J.B. International to William Noble Rare Jewelers, L.P. ("WNRJ") and William Noble ("Noble"), the sole owner of WNRJ. With respect to the claims against WNRJ there are no disputed facts. This is clear from just the face of the pleadings. As such, summary judgment should be granted as to the claims against WNRJ in Counts I and II of the Second Amended Complaint ("Complaint").

The sole dispute with respect to Counts 1 and II of the Complaint is the extent of William Noble's ("Noble") liability. Noble unsurprisingly asserts that he is not personally liable for any amounts due and owing to J.B. International, but rather, that WNRJ alone is liable, despite the fact

that all of the memorandum agreements indicate that the items were consigned to Noble and all of the invoices were issued to Noble.  Other than Noble's self-serving testimony that he does not believe he has any personal liability, there simply is no evidence that supports his claims he is not personally liable and all the evidence points to the opposite conclusion.  As such, there is no genuine dispute of material fact that Noble is jointly and severally liable with WNRJ for the amounts due and owing to J.B. International on Counts I and II of the Complaint.

## Undisputed Facts

For many years J.B. International has had a business relationship with WNRJ and Noble in which J.B. International consigns diamonds and diamond jewelry to WNRJ and Noble. Declaration of Jonathan Birnbach, ¶6 ("Birnbach Declaration"); Answer to Complaint, ¶10 ("Defendants admit that Plaintiff and Defendant WNRJ have had a business relationship.").  In April of 2019 and June of 2019, J.B. International consigned diamonds to WNRJ. Birnbach Declaration, ¶3; Answer to Complaint, ¶11 ("Defendants admit that Plaintiff consigned diamonds to WNRJ in April and June of 2019").  The April 2019 and June 2019 Memorandums expressly state that the merchandise was being consigned to Noble.  Birnbach Declaration, Exhibit 1.

Some of the items consigned were reported sold and invoices were issued by J.B. International for those items that have not been paid.  Birnbach Declaration, ¶5; Answer to Complaint, ¶13 ("Defendants admit that WNRJ reported some items consigned under the April and June 2019 memorandums had been sold; admit that Plaintiff issued corresponding invoices, some of which WNRJ has not paid in full").  The invoices issued were directed to Noble.  Birnbach Declaration, Exhibit 2.

In August of 2019, WNRJ and J.B. International entered into a Letter Agreement under which WNRJ agreed to pay a total of $959,942 in accordance with an installment payment

schedule that required payments be made monthly starting in August of 2019. Declaration of Jonathan Birnbach, ¶6 ("Birnbach Declaration"); Answer to Complaint, ¶14 ("Defendants admit that WNRJ entered into the Letter Agreement with Plaintiff…"). The Letter Agreement was entered into after the items that were consigned by J.B. International in April and June of 2019 were not paid for. Birnbach Declaration, ¶10; Answer to Complaint, ¶13 ("admit that Plaintiff issued corresponding invoices, some of which WNRJ has not paid in full..")

The Letter Agreement expressly provides that the failure to make any of the installment payments on the dates and in the amounts provided would constitute a material breach of the Letter Agreement, allowing acceleration of all unpaid installments and seek immediate recovery thereof, including attorney's fees incurred related to the enforcement of the Letter Agreement. Birnbach Declaration, ¶7; Answer to Complaint, ¶15 ("Defendants state that the Letter Agreement speaks for itself;"). WNRJ did not make the installment payments in the amount and manner provided for under the Agreement. Birnbach Declaration, ¶8; Answer to Complaint, ¶16 ("Defendants admit that WNRJ stopped making its payments in full under the Letter Agreement…").

After the Letter Agreement was in place, Noble contacted Jonanthan Birnbach ("Birnbach"), the sole owner of J.B. International, regarding J.B. International consigning additional diamonds and diamond jewelry. Birnbach advised Noble that he would only consign additional items if Noble personally guaranteed everything consigned after January 3, 2020 and all amounts that were due and owing under the Letter Agreement.[1] Birnbach Declaration, ¶10. Noble confirmed that guaranty in writing in an email to Birnbach on December 20, 2019. Birnbach Declaration, ¶10.

---

[1] Although, as evidenced by the April 2019 Memorandum and June 2019 Memorandums Birnbach was already liable for such amounts.

Then, on January 3, 2020, J.B. International again consigned diamonds and diamond jewelry to WNRJ pursuant to a Memorandum (the "January Memorandum"). Birnbach Declaration, ¶10; Answer to Complaint, ¶18 ("Defendants admit that Plaintiff consigned diamonds and diamond jewelry to WNRJ pursuant to the January Memorandum…"). Certain items consigned under the January Memorandum were reported sold and invoices were issued, but the invoices were not paid. Birnbach Declaration, ¶13; Answer to Complaint, ¶21 ("Defendants admit that Plaintiff issued invoices to WNRJ in connection with the January Memorandum…"). The January Memorandum contained the additional term "paid immediately if sold."

To date, the total amount due and owing under the Letter Agreement and Memorandums is $670,841.26, plus interest, costs and attorney's fees. Birnbach Declaration, ¶17.

## Legal Standard for Summary Judgment

A party is entitled to summary judgment if the moving party demonstrates that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Also see*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). A genuine dispute of material fact exists if a reasonable fact-finder could resolve the case in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 322–23, 106 S. Ct. at 2552.

Once the moving party has made an initial showing that there is no evidence to support the non-moving party's case, the party opposing the motion must come forward with competent evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

**Argument**

I. <u>There is no Genuine Issue of Material Fact that the Letter Agreement was Breached</u>

Count I of the Complaint asserts a cause of action for a breach of the Letter Agreement by WNRJ. The elements of a claim for breach of contract are: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023).

There is no dispute that the Letter Agreement is a valid contract. Under the Letter Agreement, WNRJ agreed to pay $959,942.24 in installments and, in exchange, J.B International agreed to forebear from taking action to recover amounts due and owing for items consigned under the April 2019 and June 2019 Memorandums as long as the installment payments were made in the amount and manner specified in the Letter Agreement.[2] WNRJ admits that it entered into the Letter Agreement with J.B. International. Answer to Complaint, ¶14 ("Defendants admit that WNRJ entered into a Letter Agreement with Plaintiff…").

The Letter Agreement expressly provides that the failure to make any of the installment payments on the dates and in the amounts provided would constitute a material breach of the Letter Agreement, allowing acceleration of all unpaid installments and seek immediate recovery thereof, including attorney's fees incurred related to the enforcement of the Letter Agreement. Birnbach

---

[2] Noble is now attempting to escape liability for the amounts due for the items consigned to him personally under the April 2019 and June 2019 Memorandums simply because the Letter Agreement was between WNRJ and J.B. International.

Declaration, ¶7; Answer to Complaint, ¶15 ("Defendants state that the Letter Agreement speaks for itself;").

There is no dispute that the installment payments were not made in the dates and in the amount provided for in the Letter Agreement. In fact, WNRJ expressly admits that it stopped making payments to J.B. International in the amount and manner provided for under the Letter Agreement. Answer to Complaint, ¶16 ("Defendants admit that WNRJ stopped making payments in full under the Letter Agreement…"). As such, a material breach of the Letter Agreement occurred. Counsel for Birnbach sent a notice of breach of the Letter Agreement to WNRJ in March of 2022 prior to initiating this action.

Finally, there is no dispute that J.B. International was damaged because of the breach. There are still substantial amounts due and owing to J.B. International under the Letter Agreement. Birnbach Declaration, ¶16, 17. As there is no genuine issue of any material fact, summary judgment should be granted in favor of J.B. International on Count I of the Complaint.

II.     <u>There is No Genuine Issue of Material Fact that the January Memorandum was Breached</u>

Count II of the Complaint asserts a cause of action for a breach of the January Memorandum. As previously stated, the elements of a claim for breach of contract are: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023).

There is no dispute that the January Memorandum is valid contract. Under the January Memorandum, J.B. International agreed to consign the merchandise listed in the January Memorandum and allow the sale of such items if such sale was expressly approved by J.B. International, which would be evidenced by the issuance of an invoice. The January Memorandum

also provides that any invoice issued under the January Memorandum must be paid immediately. J.B. International also had the right to demand return of the consigned merchandise at any time. The Defendants admit the items were consigned to WNRJ, but dispute that they were consigned to Noble even though Noble is listed as the consignee on the January Memorandum.  Answer to Complaint, ¶18.

Per the terms of the January Memorandum, the items consigned remained the property of J.B. International and were required to be returned on demand.  Birnbach Declaration, Exhibit 4. Until the items were returned, the consignee was fully and personally responsible for them and, in the event of damage or loss, the consignee would indemnify J.B. International by payment immediately of the stated value reflected on the January Memorandum, which was meant to represent the extent of actual loss.  Birnbach Declaration, Exhibit 4.

There is no genuine dispute that the items reflected in the January Memorandum were not returned to J.B. International or paid for by Noble or WNRJ, even though they admit that invoices were issued.  Answer to Complaint, ¶21.  Neither Noble or WNRJ have come forth with any evidence that any amounts were paid by them toward the January Memorandum. As such, there is no genuine dispute that the January Memorandum was breached.

Finally, there is no dispute that J.B. International was damaged because of the breach. The total amount reflected in the January Memorandum remains due and owing.  Birnbach Declaration, ¶15.  As there is no genuine issue of material fact, summary judgment should be granted in favor of J.B. International on Count II of the Complaint.

III.     There is No Genuine Issue of Material Fact that Noble is Liable For All Amounts Due and Owing to J.B. International

The overall theme of this case is Noble pointing fingers at WNRJ in an attempt to skirt liability.  Specifically, the theme throughout the Answer to Complaint is that WNRJ is solely liable.

For example, Noble and WNRJ conveniently admit that the items consigned under the April 2019 and June 2019 Memorandums were consigned to WNRJ, rather than to Noble. Answer to Complaint, ¶11. However, the evidence in this case shows that every memorandum issued by J.B. International was issued to Noble individually and each and every invoice issued by J.B. International was issued to Noble individually – not to WNRJ. Birnbach Declaration, Exhibits 1, 2, 4 and 5.

WNRJ agreed to pay amounts to Birnbach due and owing under the April 2019 and June 2019 Memorandums as reflected by the Letter Agreement, but this does not relieve Noble of his duties as the named consignee of the items, it just simply made WNRJ liable to pay such amounts. The April 2019 and June 2019 Memorandums are valid contracts between J.B. International and Noble, just as the January Memorandum is a valid contract that breached when the invoices were not paid and items consigned, but not sold, were not returned to J.B. International. There are still amounts due and owing under the April 2019 and June 2019 Memorandums as reflected by the Letter Agreement.

Noble is likewise liable for the amounts due and owing under the January Memorandum. The January Memorandum identifies Noble, and Noble alone, as the consignee. What's more, Noble independently agreed to guarantee the amounts due and owing under the January Memorandum. This is reflected not only in the express terms of the January Memorandum, but in the email sent by Noble on December 20, 2019. Birnbach Declaration, Exhibits 4 and 6.

Thus, there is no genuine issue of material fact that Noble is liable for the amounts due and owing to J.B. International because of the breaches of the April 2019 Memorandum, June 2019 Memorandum and the January Memorandum and Noble's agreement to personally guaranty all amounts.

IV.    <u>There is No Evidence in Support of Any of the Affirmative Defenses Raised by Defendants</u>

No documents have ever been produced in this case by the Defendants, including those indicated in the initial disclosures. The only evidence ever disclosed by Defendants was the list of documents included in their initial disclosures, which stated as follows:

> Defendants have not yet determined all the documents, electronically stored information, and tangible things that it has in its possession, custody, or control, that they may use to support their claims or defenses. They have identified the following:
>
> - Invoices and memorandums between the parties;
> - Correspondence, including emails and text messages, between the Parties regarding the Letter Agreement;
> - Receipts of payments made to J. Birnbach.
>
> Defendants reserve the right to supplement this disclosure with additional discoverable documents as they become known during the course of discovery.

The disclosures have never been supplemented and the documents listed in the initial disclosures have never been produced.

Clearly, none of these documents support any of the affirmative defenses that have been raised, and, even if they did, such documents have never been produced and therefore, Defendants cannot use them for the purposes of defending against this motion. *See* Fed. R. Civ. P. 37(c).

## Conclusion

Summary judgment should be granted in favor of J.B. International on Counts I and II of the Complaint as there is no genuine issue of material fact and J.B. International is entitled to judgment as a matter of law.

Dated: August 21, 2023

    Respectfully Submitted,

    KAMINSKI LAW, PLLC

    /s/ Shanna M. Kaminski
    Shanna M. Kaminski
    MI Bar No. P74013
    P.O. Box 247
    Grass Lake, Michigan 49240
    (248) 462-7111- Telephone
    skaminski@kaminskilawpllc.com

    *Counsel for Plaintiff*

    -and-

    PADFIELD & STOUT, L.L.P.
    420 Throckmorton Street, Suite 1210
    Fort Worth, Texas 76102
    (817) 338-1616 - Telephone
    (817) 338-1610 - Facsimile

    /s/ Brandon J. Gibbons
    Mark W. Stout
    State Bar I.D. #24008096
    mstout@padfieldstout.com
    Brandon J. Gibbons
    State Bar I.D. #24082516
    bgibbons@padfieldstout.com

    *Local Counsel for Plaintiff*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all parties of record via the Court's ECF system by and through counsel on August 21, 2023.

    /s/ Brandon J. Gibbons
    Brandon J. Gibbons