UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.B. INTERNATIONAL, LLC <br> d/b/a J. BIRNBACH <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM NOBLE RARE JEWELS, L.P. <br> and WILLIAM NOBLE, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:22-cv-01422 |

**DECLARATION OF JONATHAN BIRNBACH IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

I, Jonathan Birnbach, hereby declare and state as follows:

1. I am the sole owner of J.B. International, LLC. As the owner of JB. International, LLC I have access to the books and records of J.B. International, LLC kept in the ordinary course of J.B. International, LLC's business. I make this declaration based upon my review of those records and from personal knowledge.

2. For many years J.B. International and I have had a business relationship with William Noble Rare Jewels, L.P. ("WNRJ") and William Noble ("Noble") in which J.B. International consigns diamonds and diamond jewelry to WNRJ and Noble.

3. In April of 2019 and June of 2019, J.B. International consigned diamonds and diamond jewelry to Noble and WNRJ. As is common in a consignment, the diamonds and diamond jewelry were provided to Noble and WNRJ to sell and they were required to either return the diamonds and diamond jewelry that was consigned to them under the Memorandums or pay J.B. International the value of diamonds sold after the diamonds were sold. Copies of the

Memorandums reflecting those consignments are attached hereto as **Exhibit 1**. When an item is reported sold then J.B. International issues an invoice for the value of the item,

4. Per the terms of the Memorandums, the diamonds remained the property of J.B. International and were required to be returned on demand and until the diamonds were returned Noble and WNRJ were fully and personally responsible for them and, in the event of damage or loss, Noble and WNRJ would indemnify J.B. International by payment immediately of the stated value reflected on the memorandum which was meant to represent the extent of actual loss.

5. Noble and WNRJ reported some items that were consigned under the April 2019 and June 2019 Memorandums had been sold and Invoices were issued by J.B. International. Some of those Invoices have not paid by Noble and WNRJ. Copies of such invoices are attached hereto as **Exhibit 2**.

6. When Noble and WNRJ did not return the diamonds that were consigned under the April 2019 and June 2019 Memorandums and had not paid for items reported sold despite Invoices being issued, in August of 2019, WNRJ and Noble, jointly and severally, entered into a Letter Agreement with J.B. International under which they agreed to pay a total of $959,942.24 in accordance with an installment payment schedule that required payments be made monthly starting in August of 2019. A copy of the Letter Agreement is attached hereto as **Exhibit 3**.

7. Pursuant to the Letter Agreement, failure to make any of the installment payments on the dates and in the amounts provided would constitute a material breach of the Letter Agreement, allowing acceleration of all unpaid installments and seek immediate recovery thereof, including attorney's fees incurred related to the enforcement of the Letter Agreement

8. WNRJ and Noble breached the Agreement starting with the November 15, 2019 installment payment when WNRJ and Noble began making payments in amounts less than required by the Letter Agreement. Subsequently WNRJ stopped making payments altogether.

9. WNRJ and Noble were notified that they breached the Letter Agreement in March of 2022, but, to date, the breach has still not been cured.

10. On January 3, 2020, after the Letter Agreement was entered into, J.B. International again consigned diamonds and diamond jewelry to WNRJ and Noble pursuant to a Memorandum (the "January Memorandum"). A copy of the January Memorandum is attached as **Exhibit 4.** Noble induced J.B. International into consigning additional diamonds and diamond jewelry by agreeing to personally guaranty everything consigned after January 3, 2020 and all amounts that were due and owing under the Letter Agreement. Noble confirmed the guaranty in writing in an email to me. A copy of the email is attached hereto as **Exhibit 6**.

11. The January Memorandum had the same terms as the previous Memorandums. The diamonds and diamond jewelry remained the property of J.B. International, were required to be returned on demand and until the consigned items were returned WNRJ and Noble were fully and personally responsible for them and, in the event of damage or loss, WNRJ and Noble would indemnify J.B. International by payment immediately of the stated value reflected on the Memorandum which represents the extent of actual loss.

12. The January Memorandum contained the additional term that value of the items reflected in the Memorandum would be "paid immediately if sold."

13. Certain items consigned under the January Memorandum were reported sold and invoices were issued, but the invoices were not paid. Copies of the unpaid invoices are attached as **Exhibit 5**.

14. The other items consigned under the January Memorandum have not been returned despite demand for the items being made and the value of those items have not been paid to J.B. International.

15. To date, $476,783.80 is due and owing on the open April 2019, June 2019 and January 2020 Memorandums, $286,593.85 of which is due and owing under the Letter Agreement.

16. To date, there is a total of $194,057.46 due and owing on the open Invoices, plus interest at a rate of 1% per month from the date each Invoice was due to the present, $191,641.30 of which is due and owing under the Letter Agreement.

17. Thus, to date, the total amount due and owing to date is $670,841.26, plus interest, costs and attorney's fees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated the 21st day of August, 2023

_____
JONATHAN BIRNBACH