IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.B. INTERNATIONAL, LLC d/b/a<br>J. BIRNBACH,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM NOBLE RARE JEWELS, L.P.,<br>and WILLIAM NOBLE,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-01422 |

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants William Noble Rare Jewels, L.P. ("WNRJ") and William Noble ("Noble") (collectively, the "Defendants"), by and through their undersigned counsel, for their Brief in Opposition to Plaintiff's Motion for Summary Judgment state as follows:

### I. INTRODUCTION

Plaintiff J.B. International, LLC d/b/a J. Birnbach ("Plaintiff" or "Birnbach") attempts to manufacture guarantor liability against Noble where there is none. By way of its Motion for Summary Judgment (Dkts. #36-37) (the "Motion"), Plaintiff seeks judgment as a matter of law on only two of its claims: (1) Count I – Breach of Letter Agreement; and (2) Count II – Breach of January Memorandum Agreement. (Dkt. #37 at 1).[1] Plaintiff argues that Noble is personally liable

---

[1] Defendants note that the Motion violates several of this District Court's Local Rules. Specifically, the Motion violates Local Rules 7.1(i) (a party who relies on materials to support a motion must include the materials in a separately filed appendix); 56.3(c) ("If a moving party seeks summary judgment on fewer than all claims or defenses, the motion must be styled as a motion for partial summary judgment."); and 56.5(c) ("When citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix.").

because the underlying Invoices and Memoranda state the jewelry was consigned to him personally. If the parties' intent was that items were consigned to Noble personally, there would be no need for Birnbach to demand a personal guarantee from Noble. The question for the Court is whether—as a matter of law—unsigned, ambiguous Invoices and Memoranda, drafted by Plaintiff, could create a valid and enforceable contract between Plaintiff and Noble. They do not.

## II. UNDISPUTED FACTS[2]

William "Bill" Noble started WNRJ in 1983, which has since served as the purveyor of rare gemstones, antique and estate jewelry.[3] WNRJ's customers and vendors commonly refer to it as "William Noble."[4] Those same customers and vendors commonly refer to Defendant Noble as "Bill Noble."[5] WNRJ previously operated a store located at 54 Highland Park Village, Dallas, Texas 75205 (the "HP Location").[6]

WNRJ is a luxury jewelry store that sources the finest gems and exceptional rare jewelry from all over the world.[7] There are two methods by which WNRJ sources jewelry: (1) "buy-for-stock"; or (2) consignment.[8] "Buy-for-stock" means that WNRJ **buys** jewelry from a vendor as new inventory.[9] Consignment means that a vendor, without transferring title, transfers possession of jewelry to WNRJ for sale.[10]

---

[2] Pursuant to Northern District of Texas Local Rule 56.5(c), Defendants' Brief is supported by an Appendix filed contemporaneously herewith. Citations to the Appendix will be made as "(APP __)."
[3] APP 1 ¶ 2.
[4] APP 1 ¶ 2. *See Get to Know…William Noble Rare Jewels*, HIGHLAND PARK VILLAGE (Dec. 5, 2016), https://hpvillage.com/blog/get-to-know-william-noble-rare-jewels/. The Court may take judicial notice of Highland Park Village's blog post. *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n. 1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.).
[5] APP 1 ¶ 2.
[6] APP 2 ¶ 5.
[7] APP 1 ¶ 4.
[8] APP 1 ¶ 4.
[9] APP 1 ¶ 4.
[10] APP 1 ¶ 4.

WNRJ, of which Noble is the principal, has conducted business with Birnbach, of which Jonathan Birnbach is the principal, for many years.[11] The nature of this business relationship has been one of consignment.[12] Specifically, Birnbach agreed to consign its jewelry to WNRJ for sale, upon which WNRJ agreed to pay Birnbach the sales price less commissions.[13] Birnbach never consigned jewelry to Noble individually.[14] It is the consignment of certain jewelry that forms the bases for Plaintiff's claims against Defendants in this lawsuit.

In April and June of 2019, Birnbach consigned certain jewelry to WNRJ.[15] The parties intended for the jewelry to be sold by WNRJ at its HP Location.[16] The parties did not intend that Noble sell the jewelry in a personal capacity.[17] Birnbach drafted the accompanying Memoranda which stated:



(Dkt. #37-2). The Memoranda were never signed.[18] Once WNRJ had sold certain jewelry, Birnbach generated invoices for same, which stated:

---

[11] APP 2 ¶ 5.
[12] APP 2 ¶ 5; (Dkt. #37 at 2).
[13] APP 2 ¶ 4.
[14] APP 2 ¶ 4.
[15] APP 2 ¶ 6; (Dkt. #37 at 2).
[16] APP 2 ¶ 5.
[17] APP 2-3 ¶ 8.
[18] APP 2 ¶ 6.

(Dkt. #37-3) (the "2019 Invoices"). The 2019 Invoices were also never signed.[19] After the Invoices remained unpaid, and in August of 2019, Birnbach and WNRJ entered into a Letter Agreement to resolve their dispute regarding any outstanding amounts.[20] Noble executed the Letter Agreement on behalf of WNRJ, but was not a party to the Letter Agreement in any individual capacity:[21]

> Dear Mr. Noble:
>
> By your signature below, William Noble Rare Jewels, L.P. ("you" or "WNRJ") agrees to pay the amount due to J.B. International LLC ("Birnbach") as described in my letter to you dated August 13, 2019 in the manner set forth below. Time is of the essence, meaning that your failure to make a payment on or before the date and time required shall constitute a material breach hereof, subject to the notice and cure provision contained herein.



THE FOREGOING TERMS ARE HEREBY AGREED TO AND ACCEPTED

William Noble

As WNRJ and Birnbach continued doing business together, Birnbach later requested a personal guarantee for any items **sold to** (not consigned to) WNRJ.[22] By email dated December 20, 2019, Noble sent Jonathan Birnbach an e-mail agreeing to personally guarantee anything WNRJ purchased under a "buy-for-stock" (as opposed to a consignment) agreement:

> From: William Noble <will@williamnoble.com>
> Date: December 20, 2019 at 3:34:58 PM EST
> To: sales.jbirnbach.com
> Subject: Personal Guarantee
>
> Johnathan
> I personally guarantee anything we buy.
> Bill

---

[19] APP 2 ¶ 6.
[20] APP 2 ¶ 7.
[21] APP 2 ¶ 7; (Dkt. #37-4).
[22] APP 2 ¶ 8.

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** — Page 4

(Dkt. #37-7) (the "E-Mail"). Noble did not agree (and never has agreed) to personally guarantee the Letter Agreement or any items consigned to WNRJ.[23] On January 3, 2020, Birnbach consigned additional jewelry to WNRJ.[24] Again, Birnbach drafted the accompanying Memoranda, stating:



(the "January 2020 Memorandum").[25] Birnbach, without the agreement of Defendants,[26] included language in this Memorandum attempting to create a personal guarantee by Noble, referencing him individually as "Bill Noble":

> as agreed, paid immediately if sold. Personally guaranteed by Bill Noble.
>
> Signature: _____

(Dkt. #37-5). The January 2020 Memorandum was never signed and Noble has never personally guaranteed any amounts allegedly owed under the January 2020 Memorandum.[27]

### III.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25.

---

[23] APP 2-3 ¶ 8.
[24] (Dkt. #37-5).
[25] APP 2 ¶ 6; (Dkt. #37-5).
[26] APP 2 ¶ 6.
[27] APP 2-3 ¶¶ 6, 8; (Dkt. #37-5).

All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### IV.  ARGUMENT[28]

By way of its Motion, Plaintiff seeks judgment as a matter of law against Noble individually. Plaintiff argues that Noble is individually liable for Counts I and II because of (1) references to "William Noble" in the underlying 2019 Invoices and 2020 Memoranda; and (2) the E-mail. This is wrong for several reasons: (1) Noble is not a party to any of the Invoices, Memoranda, or Letter Agreement (or, at least, these writings are ambiguous); (2) the January 2020 Memorandum and E-mail do not constitute enforceable personal guarantees under Texas law; and (3) the E-Mail, even if an enforceable personal guaranty, is inapplicable to Plaintiff's claims.

1. Birnbach Did Not Consign Jewelry to Noble

    a. *Noble was not a party to any contract with Birnbach.*

Plaintiff argues that the Invoices and Memoranda constitute valid contracts between Birnbach and Noble regarding the consignment of jewelry, and that no reasonable fact finder could conclude otherwise. This is not so. **Bill Noble is the man; William Noble is the brand**.

"'[A] party generally must be a party to a contract before it can be held liable for a breach of the contract.'" *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016). "While a contract may by its terms empower non-signatory parties or third-party beneficiaries to enforce it against signatory parties, the reverse is typically not true." *Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 574–75 (S.D. Tex. 2020). Contract formation requires "an offer and acceptance and a meeting of the minds," and a party will not be bound without these elements. *Ibe*, 836 F.3d at 524.

---

[28] By way of this Response, WNRJ does not dispute entry of summary judgment against it in the amount of $670,841.26.

While the 2019 Invoices and 2020 Memorandum reference consignments to "William Noble," Plaintiffs admit that Birnbach consigned the jewelry to WNRJ. (Dkt. #37 at 1, 4) ("In April of 2019 and June of 2019, J.B. International consigned diamonds to WNRJ. . . . Then, on January 3, 2020, J.B. International again consigned diamonds and diamond jewelry to WNRJ pursuant to a Memorandum."). Contrary to Plaintiff's assertions, the Invoices and Memoranda do not contemplate a consignment to both Defendants. Instead, Birnbach consigned jewelry to WNRJ, as was the parties' custom, for sale at its HP Location. This is supported by the fact that, when WNRJ was unable to satisfy some payment obligations in August of 2019, Birnbach and WNRJ entered into the Letter Agreement. Noble, in his individual capacity, was not a party to the Letter Agreement, nor did Noble personally guarantee the Letter Agreement. A genuine issue of material fact exists as to whether there was any offer, acceptance, and/or meeting of the minds regarding whether Birnbach ever consigned jewelry to Noble.

   *b. The Letter Agreement and January 2020 Memorandum are ambiguous.*

In the alternative, the general references to "William Noble" in the Invoices and Memoranda are, at least, ambiguous. To determine whether a contract is ambiguous as a matter of law, it must be examined "as a whole in light of the circumstances present when the contract was entered." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). For an ambiguity to exist, the parties' conflicting interpretations must both be reasonable. *CBI Indus.*, 907 S.W.2d at 520. Further, "where an ambiguity exists in a contract, the contract language will be construed strictly against the party who drafted it since the drafter is responsible for the language used." *Hunt v. CheapCaribbean.com, Inc.*, No. 3:09-CV-0622-K, 2009 WL 10704881, at *4 (N.D. Tex. June 23, 2009) (citing *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990)).

The summary judgment record demonstrates an ambiguity in light of the parties' business custom, Birnbach shipping the jewelry to WNRJ's HP Location, and WNRJ being marketed as "William Noble." But perhaps the most convincing evidence of an ambiguity rests with the January 2020 Memorandum, which states that certain jewelry is consigned to "William Noble" and that it is "Personally guaranteed by Bill Noble." If Plaintiff's argument—that all references to "William Noble" in the Invoices and Memoranda were originally intended to mean Defendant Noble—had merit, there would be no reason for Birnbach to have included the "Personally guaranteed by Bill Noble" provision (which Noble never signed or agreed to). In fact, if Birnbach's argument had any merit, Birnbach would have no need to seek a personal guaranty at all (via the E-Mail or otherwise). Noble would have simply been individually liable as a party to these agreements. As the drafter of the Invoices and Memoranda, any ambiguity must be construed against Plaintiff. Because Noble was not a party to the Letter Agreement or the January 2020 Memorandum (or at least, references to "William Noble" in the Invoices and Memoranda are ambiguous), summary judgment against Noble is inappropriate.

2. The January 2020 Memorandum and the E-Mail Are Unenforceable Guarantees.

Because Noble is not a party to the Invoices and Memoranda (as discussed *supra*), summary judgment for Counts I and II would only be possible if Noble had agreed to and executed an enforceable personal guaranty of WNRJ's alleged debts. He did not.

a. *The January 2020 Memorandum violates the Statute of Frauds.*

The statute of frauds provides that a guarantee to pay a corporate debt must be in writing and signed by the guarantor. TEX. BUS. & COM. CODE § 26.01(a), (b)(2); *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Services, Inc.*, No. CIV.A. 3:07-CV-1985, 2009 WL 1174641, at *8 (N.D. Tex. Apr. 29, 2009); *Dunn v. Growers Seed Assoc.*, 620 S.W.2d 233, 238 (Tex. App.—Amarillo 1981,

no writ). Because the document is unsigned (and thus violates the statute of frauds), Plaintiff's gratuitous insertion of the "Personally guaranteed by Bill Noble" provision into the January 2020 Memorandum does not create a guaranty enforceable against Noble.

      b. *The E-mail Does Not Guarantee the January 2020 Memorandum.*

Plaintiff argues that Noble is liable for the amounts due and owing under the January 2020 Memorandum because of, in part, the E-mail. (Dkt. #37 at 8). A cursory reading of the E-Mail demonstrates this is untrue.

A guarantor is a "favorite of the law" and therefore a guaranty agreement is to be strictly construed. *Lincoln*, No. CIV.A. 3:07-CV-1985, 2009 WL 1174641, at *8 (N.D. Tex. Apr. 29, 2009); *Reece v. First State Bank of Denton*, 566 S.W.2d 296, 297 (Tex. 1978); *McKnight v. Va. Mirror Co.*, 463 S.W.2d 428, 430 (Tex.1971). Where uncertainty exists as to the meaning of a contract of guaranty, its terms should be given a construction which is most favorable to the guarantor. *Coker v. Coker*, 650 S.W.2d 391, 394 n. 1 (Tex. 1983).

Plaintiff argues that Noble's E-Mail—stating that "I personally guarantee anything we buy."—guarantees the January 2020 Memorandum. Assuming *arguendo* that the E-Mail is an enforceable guaranty (which it is not, as discussed *supra*), a clear reading demonstrates it is inapplicable to the January 2020 Memorandum. The January 2020 Memorandum references the **consignment** of certain jewelry to WNRJ, not the **purchase** of certain jewelry from Birnbach. This distinction is dispositive as to Plaintiff's claims against Noble. Further, the E-Mail does not reference any specific past or future purchase. When construed in a light most favorable to Noble, the E-Mail only guarantees WNRJ's purchase of jewelry (*i.e.*, sourcing jewelry via "buy-for-stock"). In the alternative, the E-Mail is open to different interpretations, and thus is ambiguous.

*Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012). Accordingly, a genuine issue of material fact exists whether the E-Mail applies to the January 2020 Memorandum.

## V.     CONCLUSION

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request the Court deny Plaintiff's Motion as requested herein; and grant Defendants any and all other relief, special or general, at law or in equity, to which Defendants are justly entitled.

Dated: October 6, 2023

Respectfully Submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By: */s/ Trey Crawford*
**TREY CRAWFORD**
Texas State Bar No. 24059623
tcrawford@cwl.law
**CAMERON E. JEAN**
Texas State Bar No. 24097883
cjean@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 6, 2023, a true and correct copy of this document was served on all parties and counsel of record via CM/ECF.

*/s/ Trey Crawford*
Trey Crawford