UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.B. INTERNATIONAL, LLC <br> d/b/a J. BIRNBACH <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM NOBLE RARE JEWELS, L.P. <br> and WILLIAM NOBLE, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:22-cv-01422 |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

NOW COMES, Plaintiff, J.B. International, LLC ("J.B. International"), by and through is undersigned counsel for its Proposed Findings of Fact and Conclusions of Law state as follows:

FINDINGS OF FACT

1. For many years J.B. International has had a business relationship with Defendant William Noble in which J.B. International consigns merchandise to him.

2. J.B. International consigned merchandise to Defendant William Noble under Memorandums in April and June of 2019. The merchandise was provided to Defendant William Noble to sell and, per the terms of the Memorandums, he was required to either return the merchandise that was consigned under the Memorandums or pay J.B. International the value of the merchandise sold after J.B. International consented to the sale of such merchandise by the issuance of an invoice.

3. Per the terms of the Memorandums, the diamonds remained the property of J.B. International and were required to be returned on demand and until the diamonds were returned

Defendant William Noble was fully and personally responsible for them and, in the event of damage or loss, Defendant William Noble was required to indemnify J.B. International by payment immediately of the stated value reflected on the memorandum which was meant to represent the extent of actual loss.

4. J.B. International consented to the sale of certain merchandise under the April and June 2019 Memorandums and Invoices were issued to Defendant William Noble for such merchandise. Per the terms of the Invoices, J.B. International is entitled to a finance charge of 1% per month for all late payments made under the Invoices.

5. The amounts due and owing to J.B. International in connection with the April and June 2019 consignments were not paid and in August 2019, a Letter Agreement was entered into that specified a total amount to be paid to J.B. International, which amount was $959,942.24, related to the April and June 2019 consignments that was designated as a "Settlement Amount" in the Letter Agreement and the manner in which such amounts would be paid.

6. Even though William Noble Rare Jewels, L.P. ("WNRJ") was directed to make the payments under the Letter Agreement, the Letter Agreement did not absolve Defendant William Noble of his obligations under the Memorandums and Invoices that were issued to him. The Letter Agreement does not even address Defendant William Noble's liability for the amounts due and owing. The purpose of the Letter Agreement was to set up payment terms for the outstanding amounts due to owing. Defendant William Noble signed the Letter Agreement. Only a few payments were made in accordance with the terms of the Letter Agreement.

7. There are still amounts due and owing under the April and June 2019 Memorandums and the related Invoices.

8. In December of 2019, when amounts were still due and owing under the April and June 2019 Memorandums and related invoices, Defendant William Noble approached the owner of J.B. International, Jonanthan Birnbach, seeking to have additional merchandise consigned to him. Mr. Birnbach required that Defendant William Noble provide written guarantees that any merchandise purchased would be paid for immediately prior to even considering consigning additional merchandise.

9. On December 20, 2019, Defendant William Noble sent an email to Mr. Birnbach stating that he personally guaranteed merchandise purchased. Mr. Birnbach understood that email to mean that he guaranteed immediate payment for all merchandise purchased by Defendant William Noble and/or his business WNRJ.

10. On January 3, 2020, J.B. International consigned additional merchandise to Defendant William Noble under a Memorandum dated January 3, 2020 ("January 2020"). All of the terms of the January 2020 Memorandum were the same as the April and June 2019 Memorandums, except that the January 2020 Memorandum included the additional terms that any merchandise purchased would be paid for immediately and that such representation and warranty was personally guaranteed by William Noble.

11. J.B. International consented to the sale of certain merchandise under the Memorandums and Invoices were issued to Defendant William Noble. The items sold were not paid for immediately as guaranteed by Defendant William Noble and, to date, amounts remain due and owing to J.B. International under the January 2020 Memorandum and related Invoices. Like the Invoices previously issues, the Invoices provided that J.B. International is entitled to a finance charge of 1% per month for all late payments made under the Invoices.

12. The amount due and owing to J.B. International by Defendant William Noble under the April 2019, June 2019 and January 2020 Memorandums and related Invoices is not less than $670,841.26, plus interest, costs and attorney's fees.

13. Certain items merchandise entrusted to Defendant William Noble under the April 2019, June 2019 and January 2020 Memorandums have not been returned or otherwise accounted for despite demands by J.B. International.

## II.

## CONCLUSIONS OF LAW

1. Plaintiff's Breach of Letter Agreement Claim (or, in the alternative Unjust Enrichment and/or Conversion)

   a. J.B. International and Defendant William Noble entered into binding and enforceable Agreements to consign merchandise to and sell merchandise to Defendant, William Noble, to wit: the April and June 2019 Memorandums and related Invoices.

   b. J.B. International consigned the merchandise to Defendant William Noble and sold the merchandise to Defendants William Noble.

   c. Defendant William Noble breached the Agreements by, among other things, failing to pay invoices for merchandise sold and by failing to return merchandise consigned to him on demand.

   d. The Letter Agreement arose out of the April and June 2019 Memorandums and related Invoices that were breached by Defendant William Noble and designated a Settlement Amount.

e. The Letter Agreement required that payments be made in certain amounts on certain dates. The Letter Agreement directs that WNRJ, Defendant, William Noble's business, to make the payments under the Letter Agreement, but the Letter Agreement does not absolve Defendant William Noble for his obligations under the April and June 2019 Memorandums and related Invoices. Thus, Defendant William Noble remains obligated to ensure payment of the amounts due and owing to J.B. International.

f. The Letter Agreement was breached when payments were not made in the amounts and manner required under the Agreement.

g. J.B. International was damaged by Defendant William Noble as a result of the breach as amounts remain due and owing and consigned merchandise has not been returned despite demands.

h. Defendant William Noble received the benefit of the merchandise, including retaining the sales proceeds of the merchandise, not paying the sales price and/or retaining property that was consigned to him to the detriment of J.B. International.

i. As a result, Plaintiff suffered damages within the jurisdictional limits of this Court of not less than not less than $670,841.26, plus interest, costs and attorney's fees.

j. **Supporting Authority**: *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023).

2. Plaintiff's Breach of January 2020 Memorandum Claim (or, in the alternative Unjust Enrichment and/or Conversion)

a. J.B. International and Defendant William Noble entered into binding and enforceable Agreement to consign merchandise to and sell merchandise to Defendant Willima Noble to wit: the January 2020 Memorandums.

b. J.B. International consigned the merchandise to Defendant William Noble and sold the merchandise to Defendants William Noble.

c. Defendant William Noble breached the Agreements by, among other things, failing to pay invoices for merchandise sold immediately as he represented and warranted to J.B. International and was an express term of the January 2020 Memorandum by failing to return merchandise consigned to him on demand.

d. J.B. International was damaged by Defendant William Noble as a result of the breach because there are amounts due and owing and merchandise consigned to him has not been returned despite demands.

e. **Supporting Authority**: *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023).

f. Defendant William Noble received the benefit of the merchandise, including retaining the sales proceeds of the merchandise, not paying the sales price and/or retaining property that was consigned to him to the detriment of J.B. International.

g. As a result, Plaintiff suffered damages within the jurisdictional limits of this Court of not less than not less than $670,841.26, plus interest, costs and attorney's fees.

3. Plaintiff's Claim for Non-Payment of Invoices (or, in the alternative Unjust Enrichment)

   a. Invoices were issued to Defendant William Noble by J.B. International for items that were sold under the April 2019, June 2019 and January 2020 Memorandums.

   b. The merchandise was delivered to Defendant William Noble by J.B. International.

   c. Defendants Willam Noble was required to pay such invoices within the time period indicated in the invoices.

   d. Defendant William Noble failed to pay such invoices in accordance with their payment terms.

   e. J.B. International has been damaged because of the non-payment of the invoices.

   f. Defendant William Noble received the benefit of the merchandise, including retaining the sales proceeds of the merchandise and not paying the sales price to the detriment of J.B. International.

   g. As a result, Plaintiff suffered damages within the jurisdictional limits of this Court of not less than not less than $670,841.26, plus interest, costs and attorney's fees.

   h. **Supporting Authority:** *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023); *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

4. Breach of Fiduciary Duty

    a. J.B. International and Defendant William Noble entered into a relationship under which J.B. International, as consignor, entrusted certain merchandise to Defendant William Noble as consignee. As such, Defendant Willim Noble was J.B. International's agent. This relationship gave rise to fiduciary duties being owed to J.B. International by Defendant William Noble.

    b. **Supporting Authority:** *Cristallina S.A. v. Christie, Manson & Woods Int'l, Inc*. 117 A.D. 2d 284, 292, 502 N.Y.S. 2d 165, 171 (1986).

    c. As consignee, Defendant William Noble was, among other things. fully and personally responsible for all merchandise entrusted to him, ownership and title of such merchandise remained at all times with J.B. International, and the merchandise was to be returned on demand.

    d. There is merchandise that was entrusted to Defendant William Noble by J.B. International that J.B. International has not accounted for despite J.B. International demanding the return of such merchandise or, in the alternative, that the value of such merchandise be returned.

    e. Defendant William Noble has breached his fiduciary duties to J.B International by, among other things, failing to return merchandise on demand, accounting for the value of such merchandise if no longer in his possession and/or selling merchandise entrusted to him without J.B. International's consent and without forwarding the sale proceeds for such merchandise.

    f.   J.B. International has been damaged as a result of such breach in the amount of the value of the merchandise as reflected in the April 2019, June 2019 and January 2020 Memorandums, less any amounts paid to J.B. International related to such invoices, plus exemplary damages, interest, costs and attorney's fees.

    g.   **Supporting Authority**: *Cristallina S.A. v. Christie, Manson & Woods Int'l, Inc*. 117 A.D. 2d 284, 292, 502 N.Y.S. 2d 165, 171 (1986).

Dated: December 18, 2023

    Respectfully Submitted,

    PADFIELD & STOUT, L.L.P.
    420 Throckmorton Street, Suite 1210
    Fort Worth, Texas 76102
    (817) 338-1616 - Telephone
    (817) 338-1610 - Facsimile

    /s/ Brandon J. Gibbons
    Mark W. Stout
    State Bar I.D. #24008096
    mstout@padfieldstout.com
    Brandon J. Gibbons
    State Bar I.D. #24082516
    bgibbons@padfieldstout.com

    *Local Counsel for Plaintiff*

    KAMINSKI LAW, PLLC

    */s/ Shanna M. Kaminski*
    By: Shanna M. Kaminski
    MI Bar No. P74013
    P.O. Box. 725220
    Berkley, MI 48072
    (248) 462-7111
    skaminski@kaminskilawpllc.com

    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing has been forwarded to the counsel of record via e-service on December 18, 2023.

                                                <u>/s/ Brandon J. Gibbons</u>
                                                Brandon J. Gibbons