IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.B. INTERNATIONAL, LLC d/b/a<br>J. BIRNBACH,<br><br>       Plaintiff,<br><br>v.<br><br>WILLIAM NOBLE RARE JEWELS, L.P.,<br>and WILLIAM NOBLE,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-01422 |

## DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

NOW COME, Defendants William Noble Rare Jewels, L.P. ("***WNRJ***") and William "Bill" Noble ("***Noble***") (collectively, "***Defendants***"), by and through their undersigned counsel, and hereby submit Defendants' Proposed Findings of Fact and Conclusions of Law:

### I.

### FINDINGS OF FACT

1.      For many years, Plaintiff J.B. International, LLC ("J.B. International") has had a business relationship with Defendant WNRJ in which J.B. International consigns merchandise to it.

2.      J.B. International consigned merchandise to WNRJ under Memorandums in April and June of 2019. The merchandise was provided to WNRJ to sell and, per the terms of the Memorandums, it was required to either return the merchandise that was consigned under the Memorandums or pay J.B. International the value of the merchandise sold after J.B. International consented to the sale of such merchandise by the issuance of an invoice.

3.      Per the terms of the Memorandums, the diamonds remained the property of J.B. International and were required to be returned on demand and until the diamonds were returned

WNRJ was fully and personally responsible for them and, in the event of damage or loss, WNRJ was required to indemnify J.B. International by payment immediately of the stated value reflected on the memorandum which was meant to represent the extent of actual loss. The memorandums were drafted by J.B. International and were not signed by any party.

4. J.B. International consented to the sale of certain merchandise under the April and June 2019 Memorandums and Invoices were issued to WNRJ for such merchandise. The Invoices were drafted by J.B. International and were not signed by any party.

5. The amounts due and owing to J.B. International in connection with the April and June 2019 consignments were not fully paid and in August 2019, a Letter Agreement was entered into that specified a total amount to be paid to J.B. International, which amount was $959,942.24, related to the April and June 2019 consignments that was designated as a "Settlement Amount" in the Letter Agreement and the manner in which such amounts would be paid. The parties to the Letter Agreement were J.B. International and WNRJ. Noble was not a party to the Letter Agreement

6. Noble signed the Letter Agreement on behalf of WNRJ. There are still amounts due and owing under the Letter Agreement.

7. There are still amounts due and owing under the April and June 2019 Memorandums and the related Invoices.

8. In December of 2019, when amounts were still due and owing under the April and June 2019 Memorandums and related invoices, WNRJ approached the owner of J.B. International, Jonanthan Birnbach, seeking to have additional merchandise consigned to it.

9. On December 20, 2019, Noble sent an email to J.B. International stating "I personally guarantee anything we buy."

10. On January 3, 2020, J.B. International consigned additional merchandise to WNRJ under a Memorandum dated January 3, 2020 (the "January 2020 Memorandum"). The January 2020

Memorandum includes a statement, "as agreed, paid immediately if sold. Personally guaranteed by Bill Noble." J.B. International drafted the January 2020 Memorandum, which was not signed by any party.

11.  J.B. International consented to the sale of certain merchandise under the Memorandums and Invoices were issued to WNRJ. The Invoices were drafted by J.B. International and were not signed by any party. To date, amounts remain due and owing to J.B. International under the January 2020 Memorandum and related Invoices. Per the terms of the Invoices, J.B. International is entitled to a finance charge of 1% per month for all late payments made under the Invoices.

12.  The amount due and owing to J.B. International by WNRJ under the April 2019, June 2019 and January 2020 Memorandums and related Invoices is not less than $670,841.26, plus interest, costs and attorney's fees.

13.  Certain merchandise consigned to WNRJ under the April 2019, June 2019 and January 2020 Memorandums have not been returned or otherwise accounted for despite demands by J.B. International.

## II.

## CONCLUSIONS OF LAW

1.  Plaintiff's Breach of Letter Agreement Claim[1]

    a.  J.B. International and WNRJ entered into a binding and enforceable Agreements to consign merchandise to WNRJ, to wit: the April and June 2019 Memorandums. Noble is not a party to these Agreements.

    b.  J.B. International consigned the merchandise to WNRJ. J.B. International did not consign the merchandise to Noble.

---

[1] Defendants object to the trial of any claim not asserted in Plaintiff's Second Amended Complaint, Doc. No. 16. The consideration of any newly asserted claim (*e.g.*, any equitable claim) would constitute an untimely amendment to Plaintiff's pleading without prior leave of this Court. *See* Doc. No. 27 ¶ 6.

    c. WNRJ breached the Agreements by, among other things, failing to pay invoices for merchandise sold and by failing to return merchandise consigned to J.B. International on demand.

    d. The Letter Agreement arose out of the April and June 2019 Memorandums and related Invoices that were breached by WNRJ and designated a Settlement Amount.

    e. The Letter Agreement required that payments be made in certain amounts on certain dates. The Letter Agreement is an enforceable agreement between J.B. International and WNRJ. Noble is not a party to the Letter Agreement.[2]

    f. The Letter Agreement was breached when payments were not made in the amounts and manner required under the Agreement.

    g. J.B. International was damaged by WNRJ as a result of the breach as amounts remain due and owing and consigned merchandise has not been returned despite demands. The Parties shall submit briefing on the total amount due by WNRJ once the Court enters a final judgment.[3]

    h. Noble did not receive any benefit of the merchandise.[4]

    i. Because Noble is not a party to the Letter Agreement,[5] Plaintiff has not suffered any damages in connection with its claim against Noble.

    j. **Supporting Authority**: *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023) (elements of a breach of contract claim).

2. Plaintiff's Breach of January 2020 Memorandum Claim[6]

---

[2] Doc. No. 43 at 6.
[3] *See* Doc. No. 43 at 14.
[4] Defendants submit this proposed conclusion of law subject to their objection to the trial of any untimely asserted claim by Plaintiff. *See supra* n. 1.
[5] Doc. No. 43 at 6.
[6] *See supra* n. 1.

    a. J.B. International and WNRJ entered into a binding and enforceable agreement to consign merchandise to WNRJ to wit: the January 2020 Memorandum. Noble is not a party to the January 2020 Memorandum.

    b. J.B. International consigned the merchandise to WNRJ.

    c. WNRJ breached the January 2020 Memorandum by, among other things, failing to pay invoices for merchandise sold immediately and by failing to return merchandise consigned to J.B. International on demand.

    d. J.B. International was damaged by WNRJ as a result of the breach because there are amounts due and owing and merchandise consigned to it that has not been returned despite demands. The Parties shall submit briefing on the total amount due by WNRJ once the Court enters a final judgment.[7]

    e. **Supporting Authority**: *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023) (elements of a breach of contract claim).

    f. Noble did not receive any benefit of the merchandise.[8]

    g. Because Noble is not a party to the January 2020 Memorandum, Plaintiff has not suffered any damages in connection with its claim against Noble.

3. Plaintiff's Claim for Non-Payment of Invoices[9]

    a. Invoices were issued to WNRJ by J.B. International for items that were sold under the April 2019, June 2019 and January 2020 Memorandums. Noble is not a party to the Invoices.

    b. The merchandise was delivered to WNRJ by J.B. International.

    c. WNRJ was required to pay such invoices within the time period indicated in the

---

[7] *See* Doc. No. 43 at 14.
[8] Defendants submit this proposed conclusion of law subject to their objection to the trial of any untimely asserted claim by Plaintiff. *See supra* n. 1.
[9] *See supra* n. 1.

      invoices.

    d. WNRJ failed to pay such invoices in accordance with their payment terms.

    e. J.B. International has been damaged because of the non-payment of the invoices. The Parties shall submit briefing on the total amount due by WNRJ once the Court enters a final judgment.[10]

    f. Noble did not receive any benefit of the merchandise.[11]

    g. Because Noble is not a party to the Invoices, Plaintiff has not suffered any damages in connection with its claim against Noble.

    h. **Supporting Authority:** *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023) (elements of a breach of contract claim).

4. Breach of Fiduciary Duty[12]

    a. J.B. International and WNRJ entered into a consignment relationship under which J.B. International, as consignor, transferred certain merchandise to WNRJ as consignee. Plaintiff's reliance on WNRJ to comply with the terms of the consignment Agreements, including proper application of the money received from the disposition of the consigned jewelry, is insufficient to create a confidential or fiduciary relationship. No confidential or fiduciary relationship existed between Plaintiff and WNRJ. Because Noble was not a party to the consignment agreements between Plaintiff and WNRJ, no confidential or fiduciary relationship existed between Plaintiff and Noble.

    b. **Supporting Authority:** *Olympic Fin. Ltd. v. Consumer Credit Corp.*, 9 F. Supp.

---

[10] *See* Doc. No. 43 at 14.
[11] Defendants submit this proposed conclusion of law subject to their objection to the trial of any untimely asserted claim by Plaintiff. *See supra* n. 1.
[12] Defendants note that Plaintiff's Proposed Findings of Fact and Conclusions of Law do not include any proposed conclusions related to the alleged fiduciary duty owed to Plaintiff by WNRJ. Accordingly, Defendants contend that Plaintiff has abandoned this claim.

2d 726, 730 (S.D. Tex. 1998).

c. [Omitted pursuant to ¶ II(4)(a) *supra*].

d. [Omitted pursuant to ¶ II(4)(a) *supra*].

e. Because Defendants did not owe Plaintiff any fiduciary duty in connections with the consignment Agreements, no breach of a fiduciary duty occurred.

f. Because Defendants did not owe Plaintiff any fiduciary duty in connection with the consignment Agreements, J.B. International did not suffer any damages in connection with its breach of fiduciary duty claim.

g. **Supporting Authority**: *Olympic Fin. Ltd. v. Consumer Credit Corp.*, 9 F. Supp. 2d 726, 730 (S.D. Tex. 1998); *In re Beetler*, 368 B.R. 720, 726 (Bankr. C.D. Ill. 2007) ("There is no contract that creates a trust or imposes fiduciary duties. Likewise, no statute deems a consignee to be a trustee or fiduciary of his consignor. Neither does Illinois have a common law doctrine that turns a simple consignment into a trust.)

Dated: December 18, 2023

        Respectfully submitted,

        */s/ Trey Crawford*
        **Trey Crawford**
        Texas Bar No. 24059623
        tcrawford@cwl.law
        **Cameron Jean**
        Texas Bar No. 24097883
        cjean@cwl.law

        **CRAWFORD, WISHNEW & LANG PLLC**
        1700 Pacific Avenue
        Suite 2390
        Dallas, Texas 75201
        (214) 817-4500 Telephone
        (214) 602-6551 Fax

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 26, 2023, a true and correct copy of the foregoing document was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                      */s/ Trey Crawford*
                                      Trey Crawford